## CORY & LE COCQ v. CITY OF HANKINSON, N. D.

### (Circuit Court of Appeals, Eighth Circuit. October 9, 1922.)

### No. 5850.

Municipal corporations ⚫250—Contract with waterworks engineers for plans and specifications held contingent on the making of the improvement.

A contract by which plaintiff agreed to make the plans and specifications for a waterworks plant for defendant city and superintend its construction for a percentage of the cost, to be paid only from the fund created for the improvement, *held* not to impose any liability on defendant for work done thereunder in making the plans, where, though the project was properly initiated by the city council, it failed to obtain the assent of property owners requisite under the state statute and no fund was created.

In Error to the District Court of the United States for the District of North Dakota; Joseph W. Woodrough, Judge.

Action at law by Cory & Le Cocq, a corporation, against the City of Hankinson, N. D. Judgment for defendant, and plaintiff brings error. Affirmed.

G. N. Williamson, of Aberdeen, S. D. (Williamson, Williamson & Smith, of Aberdeen, S. D., on the brief), for plaintiff in error.

Herbert G. Nilles, of Fargo, N. D. (Lawrence, Murphy & Nilles, of Fargo, N. D., on the brief), for defendant in error.

Before SANBORN, STONE, and LEWIS, Circuit Judges.

SANBORN, Circuit Judge. This writ of error questions the legality of a judgment of dismissal of an action of Cory & Le Cocq, a corporation, against the city of Hankinson, N. D., for $3,600, which the plaintiff alleged that the city owed it for services under a contract between them, made on October 6, 1919, pursuant to a proposal made by the plaintiff on that day, which was made a part of the contract. When that contract was made the parties expected that the city would construct a waterworks system and a sewer system to be paid for by assessments upon the property benefited thereby in accordance with the provisions of the statutes of North Dakota, and that the plaintiff would do the engineering work of making the plans and specifications, supervising and inspecting the work, and computing the assessments upon the property benefited.

Section 3703 of the Statutes of North Dakota of 1913 provided that when the city council of such a city as the defendant deemed it necessary to construct such improvements the city should employ a competent engineer to prepare plans, specifications, and estimates, and should cause them to be approved by a resolution of its city council, and to be filed in the office of the city auditor. Section 3704 of those statutes provided that, after such plans and specifications had been so filed, the city council should declare by resolution that the work or improvement described therein was necessary to be done, should cause such resolution to be published once in each week for two consecutive weeks in the official newspaper of the city, that—

⚫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"if the owners of a majority of the property liable to be specially assessed for such proposed improvement shall not, within fifteen days after the first publication of such resolution, file with the city auditor a written protest against such improvement, then the majority of such owners shall be deemed to have consented thereto. At the next regular meeting of the city council after the expiration of the time for filing protests against such improvement, the council shall hear and determine the sufficiency and validity of such protests, and if two-thirds of the council shall decide that such protests are insufficient or not well taken, then the city council shall have power to cause such improvement to be made and to contract therefor, and to levy and collect assessments therefor as hereinafter provided, and all such work shall be let by contract to the responsible bidder whose bid is the lowest therefor."

The terms of the contract which condition the plaintiff's right to recover the $3,600 it seeks were these: The plaintiff agreed that it would do the engineering work specified in items 1 to 7, inclusive, in the agreement for any proposed waterworks system in the city of Hankinson that should be commenced within two years after October 6, 1919, and that it would do and perform all acts stated in items 1 to 3, inclusive, without obligation on the part of the city—

"except that in the event that the said preliminary plans and estimates are accepted and the improvements legally financed by consent of the citizens of the city of Hankinson, the said city will pay for the engineering as included in items 1 to 6, inclusive, the sum of 4 per cent. of the total actual cost of such improvement."

The city consented to pay for the plaintiff's services 4 per cent. of the total actual cost of the improvement, and that one-half of such sum should be due and payable at the time of the completion of the final detailed plans and specifications. The parties further agreed that the plaintiff should rely wholly upon the funds created by the city for the purpose of defraying the cost of the improvement, and that the contract should apply to each and any improvement for which the city might authorize the plaintiff to do work. The plaintiff rendered the service specified in items 1 to 3 of the contract and in addition prepared, submitted to the city council and filed with the city auditor final detailed plans, specifications and estimates aggregating $180,000 of the cost of the improvements, and on December 1, 1919, the city council approved these plans and estimates and adopted proper resolutions that the work described therein was necessary to be done. Thereupon it caused such resolutions and notices to property owners to file protests to be published as required by section 3704 of the Statutes of North Dakota of 1913. At the regular meeting of the city council thereafter protests of certain property owners of the city against the creation of such an improvement were received and considered by the city council, and on motion of one of its members the council granted the protests as read. No further proceedings were had to make, or to assess property to pay for, the improvements specified in the plans and specifications made by the plaintiff.

In July, 1920, however, the city, by proper resolution, established three improvement districts, which differed in form, location, and area from those established pursuant to the contract with the plaintiff, employed other engineers, submitted to the owners of property to be assessed other plans, specifications, and estimates of cost for a water-

works system and a sewer system, to which protests were filed, that were considered by the council and were by a two-thirds vote thereof adjudged insufficient. Thereupon the city made and completed its water system and sewer system in accordance with these latter plans and specifications. In this case a jury was duly waived. The court tried the case, made a special finding of the facts, and rendered a judgment of dismissal of the action. The only question presented in this court is, Were the facts found by the court below sufficient to sustain a judgment for the plaintiff? for the burden was upon the plaintiff to establish its case, and if the facts found do not sustain such a judgment the dismissal of the action was not error.

All the services which the court below found that the plaintiff had rendered, were described in items 1 to 6, inclusive, of the contract. By the express terms of that agreement the defendant was under no obligation or liability to pay the plaintiff anything on account of the services described in these items, unless the preliminary plans and estimate were accepted and the improvements legally financed with the consent of the citizens of the defendant. The court below has not found that those improvements were so financed, but, on the other hand, has found that property owners protested and the city council granted their protests. Those protests and that action of the city council deprived the city of the authority pursuant to section 3704 to levy or collect assessments for or legally to finance the improvements.

To sustain the plaintiff's cause of action its counsel rely upon the clause in the contract whereby the city agreed to pay the plaintiff 4 per cent. of the actual cost of the construction of the improvements, one-half of such sum to become due and payable at the time of the completion of the final detailed plans and specifications, and the balance upon the final completion of the work. The detailed plans and specifications were completed before and approved by the council on December 1, 1919, and it was later that the protests were presented and granted. Counsel argue from these facts that this first half of the plaintiff's compensation became due and actionable, notwithstanding the provisions of the agreement that the city should not become liable, unless the improvements should be legally financed and the plaintiff should rely wholly upon the funds created by the city to pay the cost of the improvement. But all the terms of the contract must be read and construed together, and when this stipulation to pay at the time of the completion of the final plans and specifications 2 per cent. of the actual cost of the construction of the improvements is read and construed with the stipulation of the plaintiff that the city should not be obligated to pay for its services here under consideration, unless the improvements were legally financed with the consent of the citizens of Hankinson, and with the further provision of the contract that the plaintiff should rely wholly upon the funds created by the city for the purpose of defraying the costs of the particular improvement, no doubt remains that the obligation of the city to pay the first half of the 4 per cent. of the actual cost of the improvement is conditioned by the legal financing of the improvement and by the construction of the im-

provement, so that there shall be an actual cost, and not a mere estimate of the cost thereof, by which to measure the percentage.

Counsel cite and review cases wherein municipal corporations have been held generally liable on account of their negligent failure to make proper assessments to pay contractors for making improvements in reliance upon the proceeds of such assessments, but the opinions in cases like these are not relevant here: (1) Because this is not an action for failure to take or negligence in taking proper steps to make or collect such assessments, or to discharge any like municipal duty. It is an action on a written contract, no breach of which by the defendant has been found by the court below. And (2) because in this case the city did not fail or neglect to make or collect any assessment which it was its duty to make or collect, and it did not fail or neglect to discharge any duty which it owed to the plaintiff. Its authority to proceed to make the improvements described in the plans or specifications of the plaintiff, and to levy and collect assessments upon the property of the owners to pay therefor, was conditioned by the consent of those owners to the making of the improvement, and they never did consent. The defect in the plaintiff's case is fundamental. It is in its contract. The plaintiff made a written agreement that the defendant should not be obligated or liable to pay for the services for which it is here seeking to recover, unless the improvements specified were legally financed, and they could not be and were not so financed because the property owners did not consent, and not on account of any fault of the defendant. When the plaintiff made its contract, it knew and the city knew that these improvements could not be legally made or financed under the laws of North Dakota without the consent of a majority of the owners of the property to be assessed to pay for them, and this provision of the contract which defeats the plaintiff's action here was undoubtedly intentionally put into the agreement for the express purpose of preventing any liability of the city that might arise out of the failure of the property owners to consent.

Counsel assail the judgment of dismissal because the contract by its terms was to continue for two years, and within the two years the city employed other engineers and constructed a waterworks system and a sewer system; but these facts have no relevancy to the issue in this case. The plaintiff asks nothing in its complaint but the recovery of the 2 per cent. of the actual cost of the improvements and interest. It neither alleged nor prayed for a recovery on account of any loss or damage from the defendant's failure to construct the improvements pursuant to its plans and specifications, for the defendant's failure or refusal to employ the plaintiff to make other plans in accordance with which similar improvements were made or for any other delinquency of the defendant than its failure to pay the 2 per cent. of the actual cost of the construction of the improvements described in the plaintiff's plans and specifications—the improvements which were never legally financed or constructed.

The judgment below must be affirmed; and it is so ordered.